CHARLES H. SCHARF, APPELLANT, V. FRONTIER COUNTY, APPELLEE.

FILED JULY 1, 1925. No. 23229.

1. **Negligence: PLEADING: PROOF.** Plaintiff, in an action based on specific acts of negligence resulting in personal injuries, is not entitled as a matter of right to prove entirely different acts of negligence during the trial without amending his petition or giving defendant an opportunity to plead or prepare a new defense.

2. ——: ——: **AMENDMENT AFTER VERDICT.** In an action for specific acts of negligence resulting in personal injuries, it is within the discretion of the district court, after directing a verdict for defendant, to overrule a motion by plaintiff for leave to amend his petition to conform to proof of negligence not pleaded in the original petition, and error in that respect is not shown in absence of an abuse of discretion.

APPEAL from the district court for Frontier county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Bruckman & Paulson,* for appellant.

*F. J. Schroeder, L. H. Cheney, E. J. Lambe* and *Butler & James, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

ROSE, J.

This is an action by Charles H. Scharf, plaintiff, to recover from the county of Frontier, defendant, $17,500 in damages for negligence resulting in personal injuries. The claim arose under the following circumstances: Plaintiff, in a motor truck with a load of wheat, started southward, September 7, 1921, on a public highway leading to his destination at Curtis. Ahead of him in the same highway, going in the same direction, Bruce Baker in another motor truck, also loaded with wheat, got stalled at the north end of the county bridge over Fox creek and blocked the road. The rear wheels of Baker's truck stood on a fill or approach where the ground joins the superstructure. The front wheels rested on the wooden floor of the bridge. One rear wheel had sunk into the ground, and in this situation Baker could neither go forward nor backward. Plaintiff came to his aid, and the two, assisted by others who came later, raised the sunken wheel to the level of the ground by the use of jacks standing on planks. Baker with his motor attempted to back the rear wheels onto solid ground, but the body of the truck slipped off the jacks and planks under them and fell on plaintiff, who, at the time, had hold of the truck assisting in the effort to move it backward. The negligence charged in the petition may be summarized as follows: The bridge was "not of sufficient size, strength and dimension." There was a negligent failure to properly construct and maintain wings to protect the approaches. The grading of the approaches was never completed or properly done and was not sufficient in quantity, but permitted water to flow over the fill and wash holes at the ends of the bridge, leaving it in a dangerous condition for travel. Defendant, in its answer, among other defenses, denied the negligence charged by plaintiff. The reply to the answer

was a general denial.   Upon a trial of the issues the district court directed a judgment in favor of defendant and dismissed the action.   Plaintiff has appealed.

Did the trial court err in refusing to submit the case to the jury?   An examination of the record shows conclusively by the testimony adduced on behalf of plaintiff himself that the proximate cause of his injuries was not the negligence pleaded in the petition.   Under the pleadings there was no competent evidence of any negligence attributable to defendant as the proximate cause of the injuries to plaintiff.   From the standpoint of the pleadings and the proofs, therefore, there was no question of fact for the jury to determine and consequently there was no error in the dismissal of the action.

It is insisted, nevertheless, that the trial court erred in refusing to permit plaintiff to amend his petition to conform to the proofs.   This motion was based on testimony to the effect that there was an open space between planks of the retaining wall of the fill or approach, and that loose earth filtered through, leaving a hole covered by a crust at the surface of the approach where it joined the floor of the bridge.   All testimony relating to this defect was incompetent under the issues raised by the pleadings.   The bridge had been in use for 15 years at least.   Defendant had not been legally called upon to answer to plaintiff for a defect in the retaining wall.   There was no plea warning defendant to prepare for a defense in contemplation of such an issue.   Plaintiff did not ask to amend his petition until after the trial judge had announced his decision from the bench.   Under the circumstances, the trial judge in directing the proceedings according to well-established rules of law did not abuse his discretion in refusing to allow an amendment introducing a new charge of negligence after the closing of the testimony.   The law does not permit a plaintiff to base his action on specific acts of negligence and prove an entirely different ground of negligence or cause of action at the trial.

Error does not affirmatively appear in the record. The judgment is therefore

AFFIRMED.